# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-51150
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BENITO MARTINEZ, also known as Benny,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-2108-2

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Benito Martinez appeals from his conviction of one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine and two counts of possession with intent to distribute five kilograms or more of cocaine and aiding and abetting. He argues that the district court admitted into evidence recorded conversations between him and a confidential informant in violation of 18 U.S.C. § 2511 and 18 U.S.C. § 2515 because the Government

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-51150

failed to establish that the confidential informant voluntarily consented to the recordings.

Because Martinez objected to the admission of the recordings below, we review the district court's decision to admit the evidence under a heightened abuse of discretion standard. *See United States v. Garcia*, 530 F.3d 348, 351 (5th Cir. 2002). An abuse of discretion occurs when the disputed ruling is grounded in a clearly erroneous factual finding or a legal error. *Id.* If a factual finding is plausible in light of the record as a whole, it is not clearly erroneous and should be upheld. *United States v. Alaniz*, 726 F.3d 586, 618 (5th Cir. 2013).

For consent to intercept an electronic communication to be valid, the consent must be voluntary and free from coercion. *United States v. Juarez*, 573 F.2d 267, 278 (5th Cir. 1978). "Voluntariness is a question to be determined from the totality of the circumstances." *United States v. Tomblin*, 46 F.3d 1369, 1377 (5th Cir. 1995).

The totality of the circumstances indicates that the confidential informant voluntarily consented to the recordings. *See id.* Because the district court's finding that the confidential informant consented to the recordings is plausible in light of the record as a whole, the district court did not abuse its discretion by admitting the recordings into evidence. *See Alaniz*, 726 F.3d at 618; *Garcia*, 530 F.3d at 351. Accordingly, the judgment is AFFIRMED.